# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-cr-00036-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) |
| ELENA Z. KARADZHOVA, | )     **ORDER**<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| DELOUTTE & TOUCHE LLP, | )<br>) |
| Garnishee. | ) |

THIS MATTER is before the Court on Elena Z. Karadzhova's, ("Defendant") Claim for Exemption of Property and Request for Hearing. (Doc. No. 107). The Government responded in opposition. (Doc. No. 109). For the reasons set forth below, Defendant's Claim for Exemption of Property and Request for Hearing are DENIED.

## BACKGROUND

After Defendant pleaded guilty and was convicted of both mortgage fraud and money laundering conspiracies, the Court entered judgment of the above captioned matter on April 23, 2013 (Doc. No. 92) in favor of the United States for recovery of the judgment amount of $269,281.90 for an assessment, fine and/or restitution. The Clerk of Court's total balance due as of June 28, 2013, was $269,181.90. In order to enforce the judgment, on July 1, 2012, the United States initiated garnishment proceedings against Defendant's wages pursuant to § 3205 of the Federal Debt Collections Procedures Act ("FDCPA"). In response, on July 22, 2013,

Defendant filed the Claim for Exemptions of Property and a Request for a Hearing.[1] (Doc. No. 107).

## ANALYSIS

As discussed above, the Government seeks garnishment of wages. (Doc. No. 109). Federal law, specifically 18 U.S.C. § 6334, provides certain property that is exempt from levy. In the current case, Defendant claimed property exemptions including: (1) wearing apparel and school books and (2) fuel, provisions, furniture, and personal effects. (Doc. No. 107). These exemptions Defendant claims do not involve wages and the wages sought in this case do not fall within any of the ten categories of the allowable exemptions.[2] Moreover, the Government does not seek to attach, sell, or otherwise dispose of property for which defendant could claim an exemption. Therefore, this Court finds that Defendant's wages do not meet any of the major property exemptions under federal law.

Also, Defendant's request for a hearing does not fall within one of the three valid categories pursuant to 28 U.S.C. § 3202(d). A hearing as to the enforcement of a judgment by the United States is limited to the following:

> (1) the probable validity of any claim of exemption by the judgment debtor; (2) compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue . . . .

First, as discussed above, there is no valid exemption that applies to Defendant in this case. Thus, a hearing is not applicable. Next, Defendant has not challenged the Government's compliance with statutory requirements in seeking the writ, and the Government has in fact

---

[1] In the cover letter attached to the Claim for Exemption form, Defendant expressly noted that she does not seek a hearing on the matter; however, the standard form containing the option to request a hearing was affirmatively checked.

[2] The only valid exemption applying to wages is the exemption regarding judgments for support of minor children.

complied with the statutory requirements. (Doc. No. 109). Finally, Defendant has not contested the validity of the debt, and the judgment was not by default. Accordingly, since Defendant does not fall into one of the above-mentioned categories, Defendant's request for a hearing is denied. See United States v. Furkin, 165 F.3d 33 (7th Cir. 1998) (concluding that district court did not err in denying a request for hearing because a hearing under the FDCPA is limited to whether there is a valid claim of exemption, whether the government has complied with statutory requirements for issuance of the writ, or if judgment, by default, whether there is a basis for overturning judgment; defendant failed to file a valid request for exemption and did not challenge the validity of the writ); United States v. Bird, 2009 WL 4801374, at 4 (W.D.N.C. Dec. 8, 2009) ("The Defendant has not claimed any exemptions and there is no dispute that the Government complied with the procedural requirements of the statute. The Defendant is therefore not entitled to a hearing.").

## CONCLUSION

Defendant's wages do not qualify as an applicable exemption under 18 U.S.C. § 6334. Also, Defendant is not entitled a hearing because there is no applicable exemption, Defendant did not challenge whether the Government met the statutory requirements regarding the issuance of a writ, and the judgment was not a default.

IT IS, THEREFORE, ORDERED that Defendant's Claim for Exemption of Property and Request for Hearing (Doc. No. 107), are DENIED.

IT IS SO ORDERED.

Signed: August 7, 2013

Frank D. Whitney
Chief United States District Judge